DECUIR, Judge.
 

 h Counsel for T.M.A. filed a brief alleging there are no non-frivolous issues to be raised on appeal and a motion to withdraw as counsel of record in this termination of parental rights case.
 

 
 *831
 
 FACTS
 

 The facts before us are unfortunate and sadly far too common. T.M.A. has a substance abuse problem and has essentially abandoned K.R., K.R., and M.R. to the care of the state. With T.M.A. having made no substantial progress in her case plan, the State filed to terminate her parental rights and make the children available for adoption. The trial judge granted the State’s request after previously terminating the parental rights of the father. This appeal ensued.
 

 Initially, this court believing the appeal to be untimely, directed T.M.A. to show cause, by brief only, why the appeal should not be dismissed. Counsel for T.M.A. complied with our request and showed that the trial court improperly found the children available for adoption in the proceeding terminating the father’s parental rights. T.M.A.’s rights had not been terminated at the time, and she was not given notice of the hearing. Accordingly, the rule to show cause was recalled and the appeal allowed to proceed.
 

 Counsel for T.M.A., counsel for the children, and the • State all request that we conduct an
 
 Anders
 
 type review of the record and grant T.M.A. counsel’s request to withdraw should our review warrant it.
 

 DISCUSSION
 

 Counsel directs our attention to
 
 State ex rel. D.A.G.,
 
 05-1806 (La.App. 1 Cir. 5/5/06), 985 So.2d 216, wherein, the court orders the appointment of new counsel and the filing of an
 
 Anders
 
 brief in a case involving termination of parental rights. 12In addition, counsel references an unpublished opinion of this court which grants similar relief without comment. We are persuaded by the arguments of counsel and the court in
 
 State ex rel. DA.G,
 
 that the filing of a brief and motion to withdraw in conformity with the requirements of
 
 Anders
 
 and its progeny best protect the interests of the parents, children, State, and the court in cases involving the termination of parental rights.
 

 STANDARD OF REVIEW
 

 A parent’s right to the care, custody, and management of his or her children is a “fundamental liberty interest warranting great deference and vigilant protection under the law.”
 
 State ex rel. Q.P.,
 
 94-609, p. 4 (La.App. 3 Cir. 11/2/94), 649 So.2d 512, 515. The evidentiary standard governing termination cases requires the State to present proof by clear and convincing evidence of each element of the specific grounds for termination as specified in La. Ch.Code art. 1015 before a court may proceed with terminating a parental relationship.
 
 State ex rel. D.H.,
 
 06-1041 (La.App. 3 Cir. 3/7/07), 953 So.2d 992,
 
 vnit denied,
 
 07-673 (La.4/27/07), 955 So.2d 698. An appellate court must review the record for manifest error in determining whether the lower court properly applied the clear and convincing evidentiary standard.
 
 State in the Interest of J.K.,
 
 97-336 (La.App. 3 Cir. 10/29/97), 702 So.2d 1154.
 

 Counsel for T.M.A. filed a brief assigning no errors and including a motion to withdraw. Counsel’s motion was referred to the merits. T.M.A. has filed no pro se briefs in this court. We have thoroughly reviewed the record and are convinced that the evidence supports the findings of the trial court.
 

 IsDECREE
 

 For the foregoing reasons, the judgment of the trial court is affirmed. Counsel for T.M.A.’s request to withdraw is granted.
 

 AFFIRMED AND MOTION TO WITHDRAW GRANTED.