DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT
13-592


STATE OF LOUISIANA

IN THE INTEREST OF

C.L.B. & C.J.B.


************


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. JC-20110637
HONORABLE HERMAN C. CLAUSE, JUDGE


************


J. DAVID PAINTER JUDGE


************


Court composed of Billy Howard Ezell, J. David Painter, and James T. Genovese,
Judges.

**AFFIRMED; MOTION TO WITHDRAW GRANTED.**


Carolyn Cole
15th Judicial District Public Defenders Office
P.O. Box 3622 Lafayette, LA 70502
COUNSEL FOR APPELLANT:
    F.L.I.B.

Lloyd Dangerfield
703 E. University Avenue
Lafayette, LA 70503
COUNSEL FOR APPELLANT:
    M.J.B.

Franchesca Hamilton-Acker
Acadiana Legal Services
P.O. Box 4823
Lafayette, LA 70502
COUNSEL FOR APPELLEE:
    C.L.B. & C.J.B.

**Michael Harson, District Attorney**
**Michelle Breaux Assistant District Attorney**
**P.O. Box 3305**
**Lafayette, LA 70503**
**COUNSEL FOR APPELLEE:**
       **State of Louisiana**

**Diane Coté**
**Department of Children and Family Services**
**825 Kaliste Saloom Rd., Ste. 218**
**Lafayette, LA 70508**
**COUNSEL FOR APPELLEE:**
       **Department of Children and Family Services**

**PAINTER, Judge.**

The mother, F.L.I.B., appeals the trial court's ruling terminating her parental rights and certifying C.L.B., a seven year old, and C.J.B., a five year old, available for adoption. For the following reasons, we affirm the ruling of the trial court.

**FACTS**

On July 19, 2011, an Instanter Order issued placing C.L.B. and C.J.B in the custody of the State of Louisiana for the following reasons:

> [T]here are reasonable grounds to believe the children, [C.L.B.] and [C.J.B.] are in need of care, abused or neglected; []reasonable efforts to prevent removal have been made and or considered; []consistent with the exigencies presented by the information provided, the following reasonable efforts have been made to prevent or eliminate the need for removal of the children and to make it possible for the children to return home: Due to the fact that mother [F.L.I.B.] and father, [M.J.B.][,] were both arrested due to drug charges, respectively on June 30, 2011 and July 6, 2011. The family has been living as homeless transients for the past 5 years and both parents have [] chronic substance abuse issues. Contacts indicate that the family has been living in and out of tents, hotels known for prostitution and drug use, behind buildings and in and out of people's homes for the past 5 years. Upon [M.J.B.'s] 7/6/2011 arrest he left the children in the care of another set of unrelated random homeless adults who were unable to provide care to the children and sought out community help for the children. Collateral contacts indicate that children have been routinely left in the care of other homeless strangers, have been injured due to neglect, and have been living and playing among homeless prostitutes and drug users.

The two children were first placed in the care of their paternal aunt and her son. It was found that their needs were not being met, and they were then placed with a certified foster family.

In September 2012, the State of Louisiana, Department of Children and Family Services, filed a Petition for Termination of Parental Rights and Certification for Adoption, alleging that parental rights should be terminated because:

(a) The parents have repeatedly failed to comply with the required program of treatment and rehabilitation services provided in the case plan.

(b) The conditions that led to the removal or similar potentially harmful conditions continue to persist.

(c) The parents have failed to cooperate in completion of the case plans designed for reunification of the family

(d) The parents' conduct reasonably indicates that they are unable or unwilling to provide an adequate permanent home for the minor children, based upon expert opinion and/or based upon an established pattern of behavior, as indicated above

(e) The parents' lack of substantial improvement in redressing the problems of housing, employment and child support preventing reunification.

(f) The parents have suffered from mental illness, mental deficiency, substance abuse and/or chemical dependencies which. render them unable and/or incapable of exercising parental responsibilities without exposing the minor children to a substantial risk of serious harm, based upon expert opinion and/or based upon an established pattern of behavior, as indicated above

g) The parents failed to attend court-approved scheduled visitations with the children.

(h) The parents' failure to communicate with the children.

(i) The parents condition and/or conduct reasonably indicates that the parents are unable or unwilling to provide an adequate permanent home for the child, based upon expert opinion or based upon an established pattern of behavior.

The mother failed to appear at the hearing of this matter after having been personally served. The father was present for the hearing. After the hearing, the trial court issued a Judgment of Termination of Parental rights in which it noted that:

[A]t least one year has elapsed since the children were removed from the parents' custody pursuant to a court order; case plans for services as to the minor children were formulated for the mother and father, said parents have failed to substantially comply with their respective case plans, including but not limited to a lack of stable housing, employment, substance abuse treatment and mental health treatment, that said parents have failed to provide significant contributions to

2

their children's care and support for a consecutive six month period; that there is no reasonable expectation of significant improvement in said parents' condition or conduct in the near future; that termination of parental rights is in the best interest of the minor children, [C.L.B.] and [C.J.B.], for the reasons orally assigned

F.L.I.B. appealed the judgment. Counsel for F.L.I.B. has requested an *Anders* type review of the record and asks that she be allowed to withdraw should our review warrant it. F.L.I.B. has not filed a pro se brief.

## DISCUSSION

Counsel cites *State ex rel. D.A.G.*, 05-1806 (La.App. 1 Cir 5/5/06), 935 So.2d 216, and *State in the Interest of K.R.*, 11-1376 (La.App. 3 Cir. 3/7/12), 85 So.3d 830. As in *State in the Interest of K.R.*, we find that "the filing of a brief and motion to withdraw in conformity with the requirements of *Anders* and its progeny best protect the interests of the parents, children, State, and the court in cases involving the termination of parental rights."

*Standard of Review*

> A parent's right to the care, custody, and management of his or her children is a "fundamental liberty interest warranting great deference and vigilant protection under the law." *State ex rel. Q.P.,* 94-609, p. 4 (La.App. 3 Cir. 11/2/94), 649 So.2d 512, 515. The evidentiary standard governing termination cases requires the State to present proof by clear and convincing evidence of each element of the specific grounds for termination as specified in La.Ch.Code art. 1015 before a court may proceed with terminating a parental relationship. *State ex rel. D.H.,* 06-1041 (La.App. 3 Cir. 3/7/07), 953 So.2d 992, *writ denied,* 07-673 (La.4/27/07), 955 So.2d 698. An appellate court must review the record for manifest error in determining whether the lower court properly applied the clear and convincing evidentiary standard. *State in the Interest of J.K.,* 97-336 (La.App. 3 Cir. 10/29/97), 702 So.2d 1154.

*Id.* at 831.

Counsel for F.L.I.B. filed a brief assigning no errors and including a motion to withdraw. We have reviewed the record and find that the evidence supports the determination of the trial court.

## CONCLUSION

For these reasons, the judgment of the trial court is affirmed. Counsel for F.L.I.B.'s request to withdraw is granted.

**AFFIRMED; MOTION TO WITHDRAW GRANTED.**