NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-601

STATE IN THE INTEREST OF

S. V. & C. V.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 5020
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE

**********

**JOHN D. SAUNDERS**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge,  John D. Saunders,
and Phyllis M. Keaty, Judges.

**AFFIRMED.**
**MOTION TO WITHDRAW GRANTED.**

**Diane Elaine Cote**
**825 Kaliste Saloom Road**
**Building 1, Room 218**
**Lafayette, LA 70508**
**(337) 262-1555**
**COUNSEL FOR APPELLEE:**
        **State of La., Department of Children & Fam. Services**

**Franchesca L. Hamilton-Acker**
**Acadiana Legal Service Corp.**
**P. O. Box 4823**
**Lafayette, LA 70502-4823**
**(337) 237-4320**
**COUNSEL FOR APPELLEES:**
  **S. V. (child)**
  **C. V. (child)**

**Scott J. Privat**
**Privat & Privat**
**P. O. Box 449**
**Crowley, LA 70527**
**(337) 783-7142**
**COUNSEL FOR APPELLEE:**
  **B. V. (father)**

**Carolyn Cole**
**Public Defender's Office**
**600 Jefferson St., Suite 902**
**Lafayette, LA 70501**
**(337) 232-9345**
**COUNSEL FOR APPELLANT:**
  **A. J. (mother)**

**Tracy Davenport-McGraw**
**OCS - Indigent Defender**
**P. O. Box 931**
**Rayne, LA 70578**
**(337) 334-1576**
**COUNSEL FOR APPELLANT:**
  **A. J. (mother)**

**SAUNDERS, Judge.**

On March 11, 2013, after conducting termination proceedings, the trial court issued a judgment terminating the parental rights of mother, A.J., and father, B.V., over their children, S.V. and C.V., born in 2010 and 2011, certifying the children were eligible for adoption. Counsel was appointed to represent A.J. on appeal. Counsel filed a brief requesting to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). For the reasons herein, we affirm the trial court's judgment as to A.J. and permit counsel to withdraw.

FACTS AND PROCEDURAL HISTORY

The Department of Children and Family Services ("the State") assumed custody of S.V. and C.V. on October 4, 2011, pursuant to an instanter order. The order notes that the State had been observing A.J. since September 10, 2007, when A.J. fell asleep with a lit cigarette, resulting in a fire in the hotel room in which she was living. Responding police discovered numerous illegal drugs in the room. Her then three-week-old baby, a child not addressed in the instant action, was sleeping next to the fire. That child was later freed for adoption after A.J. stipulated to termination of parental rights on August 3, 2009.

The order further states that the State received a report that S.V.'s parents appeared to be under the influence on the day of S.V.'s birth, and that A.J. appeared to be under the influence again at a doctor's office two months later. In June 2011, while pregnant with C.V., A.J. tested positive for benzodiazepines, amphetamines, barbiturates, and opiates.

Finally, on October 3, 2011, the State received a report revealing S.V. was hospitalized and had tested positive for opiates. Medical personnel observed that both parents were under the influence at the hospital, and they could not explain how S.V. had ingested opiates.

Pursuant to a court order finding immediate danger and no suitable relatives, S.V. and C.V. were placed in State custody pending a hearing on October 6, 2011. On October 25, 2011, the State filed a petition praying for a judgment that S.V. and C.V. were children in need of care as defined by La.Ch.Code art. 606(a). On November 14, 2011, the trial court entered such a judgment.

On August 13, 2012, at a Family Team Conference, the foster care worker for A.J.'s case, Raven Chavis, assigned the parents a case plan. Ms. Chavis testified that the plan outlined steps including "that the children would have their own beds in their room [and] the house would be clean and free from hazardous items." The State filed a Petition for Termination of Parental Rights and Certification for Adoption on December 5, 2012. A.J.'s counsel responded with a denial to the Petition. The State's Petition alleged that the parents had failed to demonstrate an intention to regain custody, failed to provide significant contributions to the children's care, and failed to maintain significant contact with the children pursuant to La.Ch.Code art. 1015(4)(b)-(c). The State argued that the parents had not substantially complied with their case plans and had not improved the conditions that led to State intervention on behalf of the children.

On March 4, 2013, a termination hearing was held. A.J. was served but did not appear at the hearing. The trial court heard testimony from a child protection investigator regarding S.V.'s hospitalization due to ingestion of opiates, as well as the previous fire incident. Ms. Chavis also testified that A.J. had not complied with her case plan in that her home was an inadequate living environment for children. She observed medication bottles on the coffee table, a gun with no lock box, no beds for the children, water damage, and a broken window. Ms. Chavis also stated that S.V. and C.V.'s father had "put a hole in the wall and had broke her door." In addition, A.J.'s case plan required her to notify Ms. Chavis of changes in

2

her home, and A.J. failed to notify her that her mother was living there. Ms. Chavis also testified that A.J. failed to secure steady employment and paid only one month of her required monthly parental contribution of $25 per child.

Ms. Chavis also testified regarding the substance abuse component of A.J.'s case plan. A.J. completed a treatment program at Cenikor, but did not follow the recommendations for aftercare, such as attending Alcoholics Anonymous or Narcotics Anonymous meetings and submitting to random drug tests. However, A.J. did complete a parenting course in compliance with her case plan. On January 30, 2013, A.J. tested positive for opiates, PCP, marijuana, benzodiazepines, cocaine, and amphetamines. Following the hearing, the trial court found that more than one year had passed since S.V. and C.V. had come into State care, that A.J. failed to substantially comply with her case plan, and that there was no reasonable expectation that her situation would improve. The trial court granted a judgment of termination of parental rights as to S.V. and C.V. on March 12, 2013, also certifying the two children eligible for adoption. Counsel was appointed to represent A.J. on appeal. The father is not a party to this appeal.

## ASSIGNMENT OF ERROR

Appellant A.J. asserts the following assignment of error:

Counsel is seeking permission to withdraw pursuant to *Anders*.

## LAW AND ANALYSIS

*Termination of Parental Rights*

We review the trial court's termination of parental rights under the manifest error standard. *State ex rel. K.G.*, 02-2886, 02-2886 (La. 3/18/03), 841 So.2d 759. This court has previously recognized:

> "[T]he fundamental liberty interest of natural parents in the care, custody, and management of their child does not evaporate simply because they have not been model parents." *Santosky v. Kramer,* 455

3

U.S. 745, 753, 102 S.Ct. 1388, 1394, 71 L.Ed.2d 599. This liberty interest is "perhaps the oldest of the fundamental liberty interests." *State ex rel. SNW v. Mitchell,* 01–2128, p. 8 (La.11/28/01), 800 So.2d 809, 814, (quoting *Troxel v. Granville,* 530 U.S. 57, 65, 120 S.Ct. 2054, 2060, 147 L.Ed.2d 49).

In termination proceedings, that fundamental interest must be balanced with the interest of the child, and "courts of this state have consistently found the interest of the child to be paramount over that of the parent." *State ex rel. J.M.,* 02–2089, p. 8 (La.1/28/03), 837 So.2d 1247, 1252. Often at odds with those of its parents, the child's interest is "in terminating parental rights that prevent adoption and inhibit establishing secure, stable, long-term, and continuous relationships found in a home with proper parental care." *Id.* When determining whether a parent's rights should be involuntarily terminated, the trial court must exercise "great care and caution ... because the permanent termination of the legal relationship existing between children and their biological parents is one of the most severe and drastic actions the State can take against its citizens." *Id.*

Louisiana Children's Code Article 1015 sets forth eight grounds for termination of parental rights. Although the State need only establish one ground for termination, the trial court must also find that the termination is in the best interest of the child in order to meet the statutory requirement of La.Ch.Code art. 1035(A), which requires that grounds for termination be proven by clear and convincing evidence. *State ex rel. M.H. v. K.W.H.,* 40,332 (La.App. 2 Cir. 9/23/05), 912 So.2d 88.

*State in Interest of J.K.G.*, 11-908, pp. 5-6 (La.App. 3 Cir. 1/11/12), 118 So.3d 10, 14-15.

Louisiana Children's Code art. 1015 sets forth the grounds for termination of parental rights, including in pertinent part:

(4) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:

(a) For a period of at least four months as of the time of the hearing, despite a diligent search, the whereabouts of the child's parent continue to be unknown.

(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

4

(c) As of the time the petition is filed, the parent has failed to maintain significant contact with the child by visiting him or communicating with him for any period of six consecutive months.

(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

The State argues, and we agree, that the trial court did not commit manifest error in its determination that a year had passed during which the children were in State care, that A.J. failed to substantially comply with her case plan, and that there was no reasonable expectation that A.J.'s situation would improve. The record makes clear that the State met its burden of proof on the grounds for termination. Ms. Chavis's testimony reveals that A.J. failed to provide significant contributions to the support and care of S.V. and C.V. while in foster care, and failed to maintain significant contact. More than a year had elapsed since S.V. and C.V. were removed from A.J.'s care, and it is clear that A.J. did not substantially comply with her case plan, including the components of substance abuse recovery, contributory payments, maintaining income, maintaining a safe and suitable home, and following her visitation plan. We find no manifest error in the trial court's judgment terminating A.J.'s parental rights as to S.V. and C.V.

*Anders Analysis*

Pursuant to *Anders*, A.J.'s appointed appellate counsel has filed a brief stating that, after a review of all matters filed in the record, she could find no non-frivolous issues to advance on appeal. A.J. has filed no pro se briefs in this court.

The court in *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), explained *Anders* as follows:

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf. This court's review of the record will consist of (1) a review of the bill of information or indictment to insure the defendant was properly charged; (2) a review of all minute entries to insure the defendant was present at all crucial stages of the proceedings, the jury composition and verdict were correct and the sentence is legal; (3) a review of all pleadings in the record; (4) a review of the jury sheets; and (5) a review of all transcripts to determine if any ruling provides an arguable basis for appeal. Under C.Cr.P. art. 914.1(D) this Court will order that the appeal record be supplemented with pleadings, minute entries and transcripts when the record filed in this Court is not sufficient to perform this review.

This court has previously applied *Anders* to a case dealing with the termination of parental rights in *State in Interest of K.R.*, 11-1376 (La.App. 3 Cir. 3/7/12), 85 So.3d 830. In that case, we found that "the filing of a brief and motion to withdraw in conformity with the requirements of *Anders* and its progeny best protect the interests of the parents, children, State, and the court in cases involving the termination of parental rights." *Id.* at 831. After a thorough and independent review of the record in the instant case, we find that there are no non-frivolous issues that may support an appeal. As such, counsel's motion to withdraw is granted.

CONCLUSION

For the foregoing reasons, the trial court's judgment terminating the parental rights of A.J. with regard to her children, S.V. and C.V., is affirmed. All costs of this appeal are assessed against A.J. Because we find no non-frivolous issues to advance on appeal, counsel's motion to withdraw is granted.

**AFFIRMED, MOTION TO WITHDRAW GRANTED.**