NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-163

STATE IN THE INTEREST OF

K.H.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 16JV-18557
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and Van H. Kyzar, Judges.

MOTION TO WITHDRAW GRANTED, JUDGMENT AFFIRMED.

**Diane E. Cote**
**825 Kaliste Saloom Road**
**Brandywine III, Room 150**
**Lafayette, LA 70508**
**(337) 262-5913**
**COUNSEL FOR OTHER APPELLEE:**
    **State of Louisiana,**
    **Department of Children and Family Services**

**S. Marie Johnson**
**Attorney at Law**
**110 French Street, Suite A**
**New Iberia, LA 70560**
**(337) 849-2556**
**COUNSEL FOR OTHER APPELLANT:**
    **J.H. (mother)**

**Denise Henderson**
**Mental Health Advocacy Services/Child Advocacy Program**
**302 Dulles Drive, Room U-47**
**Lafayette, LA 70506**
**(337) 262-2030**
**COUNSEL FOR OTHER APPELLEE:**
    **K.H. (child)**

**GREMILLION, Judge.**

J.H., the mother of K.H., a Child in Need of Care (CINC), appeals the judgment that terminated her parental rights and certified K.H. eligible for adoption. J.H.'s attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting that there exist no non-frivolous grounds for appealing the trial court's judgment and seeking to withdraw from representing J.H. For the reasons that follow, we grant counsel's motion to withdraw and affirm the trial court's judgment.

## FACTS AND PROCEDURAL POSTURE

K.H. is not J.H.'s only child; she has another child, A.H., who had already been adjudicated a CINC. According to a November 7, 2016 instanter order, A.H. was in foster care on Saturday, November 5, 2016, when K.H. arrived to visit her. J.H. left K.H. with the foster parent while she visited A.H. The foster parent sought to return K.H. to her mother, but upon arriving at J.H.'s residence, noted that the house appeared abandoned. J.H. told the foster parent that she was staying there but there were no utilities servicing the house. The foster parent took K.H. and left. J.H. was incommunicado for the next two days, when the trial court issued the instanter order that placed K.H. in the custody of the Department or Children & Family Services (DCFS or "the Department").

A petition to adjudicate K.H. a CINC was filed by DCFS on November 10, 2016. The primary goal of a plan established for J.H. was family reunification. The plan itself will be discussed later. On June 15, 2018, DCFS filed a petition to terminate J.H.'s parental rights and to certify K.H. for adoption. No service was made on J.H., and the Department moved for the appointment of a curator. The curator answered the petition, and the matter was set for trial on October 5, 2018.

J.H. failed to appear at the trial. One witness, Brian Robertson, testified. Technical issues with the recording devices in the courtroom prevented the complete transcription of the trial testimony; however, the record was supplemented with a summary of the testimony to which the parties stipulated.

*Testimony of Brian Robertson*

Mr. Robertson testified that he was the case manager assigned by the Department to K.H.'s matter. K.H. was residing with foster parents in an adoptive resource home at the time of trial and was doing well.

J.H.'s court-approved plan required that she obtain and maintain stable housing and employment, participate in parenting classes, demonstrate appropriate parenting skills, complete substance abuse treatment, have a complete mental health evaluation and follow the recommendations of the providers, comply with mental health treatment, maintain contact with the Department, visit K.H. per a visitation schedule, and provide $20.00 per month parental contribution.

The only housing J.H. reported to DCFS was an address in Breaux Bridge, Louisiana, which had no working utilities and, on June 28, 2018, an address in Houston, Texas. Appointments were made with J.H. for home visits on December 21, 2016, January 4, 2017, February 23, 2017, March 28, 2017, April 25, 2017, June 15, 2017, December 6, 2017, January 24, 2018, May 18, 2018, June 13, 2018, July 10, 2018, August 3, 2018, and September 17, 2018, none of which J.H. kept. On the few occasions Mr. Robertson was able to visit the home, J.H. denied him entrance. She also failed to notify DCFS of her change of address until June 2018, as noted above.

J.H. was referred to Gulf Coast Social Services in Lafayette, Louisiana, for parenting classes on five separate occasions. She did not participate at all.

Referrals to Keys for Sober Living in New Iberia, Louisiana, were also given to J.H. to allow her to fulfill the substance-abuse-treatment requirement of her plan. J.H. did not attend. J.H. also refused random drug screening on twenty-two occasions. One drug screen she did submit to returned positive for marijuana.

J.H. failed to attend any of the mental health evaluations scheduled for her because "[s]he had plans for other things." Bi-weekly visitations were established for J.H. and K.H. J.H. only visited K.H. on January 26, 2017 and April 15, 2018. J.H. did speak with K.H. at least weekly by phone, though. She did appear to be bonded with her children on the occasions J.H. actually visited.

Lastly, J.H. never contributed the $20.00 per month required by the plan.

The trial court found that the Department had met its burden by clear and convincing evidence that K.H.'s parents had failed to contribute to their child's care and support for six consecutive months and had failed to substantially comply with their plan. It further found that there is no reasonable expectation of significant improvement in the near future and that terminating the parents' rights was in the best interests of K.H.

Judgment terminating J.H.'s parental rights and certifying K.H. for adoption was signed on November 14, 2018. This appeal followed.

**ANALYSIS**

Counsel for J.H. has, as mentioned above, filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). In *State in the Interest of K.R.*, 11-1376 (La.App. 3 Cir. 3/7/12), 85 So.3d 830, we approved this procedure in the context of a case involving termination of parental rights. In this brief, counsel asserts that she can find no non-frivolous grounds for appealing the termination of J.H.'s parental rights.

After a thorough review of the record, we grant counsel's motion to withdraw.

3

A parent's right to the care, custody, and management of his or her children is a "fundamental liberty interest warranting great deference and vigilant protection under the law." *State ex rel. Q.P.,* 94-609, p. 4 (La.App. 3 Cir. 11/2/94), 649 So.2d 512, 515. The evidentiary standard governing termination cases requires the State to present proof by clear and convincing evidence of each element of the specific grounds for termination as specified in La.Ch.Code art. 1015 before a court may proceed with terminating a parental relationship. *State ex rel. D.H.,* 06-1041 (La.App. 3 Cir. 3/7/07), 953 So.2d 992, *writ denied,* 07-673 (La.4/27/07), 955 So.2d 698. An appellate court must review the record for manifest error in determining whether the lower court properly applied the clear and convincing evidentiary standard. *State in the Interest of J.K.,* 97-336 (La.App. 3 Cir. 10/29/97), 702 So.2d 1154.

*Id.* at 831. Louisiana Children's Code Article 1015 sets forth a number of grounds for the termination of a parent's rights. It states, in pertinent part:

The grounds for termination of parental rights are:

. . . .

(6) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

The evidence supports the trial court's determination that J.H. has failed to substantially comply with the court-approved case plan. According to Mr. Robertson, J.H. failed to attend substance abuse treatment; failed to submit to drug screening on several occasions and tested positive on one she did submit to; failed to contribute even the *de minimis* amount of $20.00 per month toward K.H.'s support; failed to obtain employment; failed to attend parenting classes; and failed to maintain stable housing. She only availed herself of two opportunities to see K.H. face-to-face, and those were fourteen months apart.

Mr. Robertson's testimony also demonstrates that the trial court did not err in determining that there was no reasonable expectation of significant improvement in

4

J.H.'s condition or conduct. J.H.'s conduct showed no change between the institution of the plan and the trial of the matter except her one visit with K.H. in April 2018. The trial court did not err in determining that it is in K.H.'s best interests that J.H.'s parental rights be terminated and that K.H. be certified as eligible for adoption.

Counsel's motion to withdraw is granted. The judgment of the trial court is affirmed.

**MOTION TO WITHDRAW GRANTED, JUDGMENT AFFIRMED.**