JjEDWIN A. LOMBARD, Judge.
The State of Louisiana filed a petition to terminate parental rights. The Juvenile Court terminated the parental rights of the parents and the father appealed.
FACTS AND PROCEDURAL HISTORY
The three children in whose interest these proceedings are considered, ages seven, six and three years old, were placed in the custody of the Department of Social Services, Office of Community Services (“DSS/OCS”) by instanter order on January 16, 2003 because their father, BK, and mother, JK, were incarcerated. All three children were placed in the same foster home with parents willing to adopt them.
In Orleans Parish Juvenile Court on March 7, 2003, the parents participated’ in and signed a mediated agreement stipulating “that the children are in need of care without admitting to the allegations in the petition.” A case plan was developed for the return of the children to their parents. BK’s case plan consisted of formally acknowledging one of the children, notifying the case manager of his whereabouts, obtaining employment and suitable housing for visitation, providing the agency with check stubs to be assessed for child support, submitting to a psychological evaluation, actively participating in a parenting class and ^demonstrating to the case manager the parenting skills he had learned, visiting on a weekly basis with his children and attending a substance abuse program. BK partially completed some of these tasks, but wholly failed others.
BK was out of jail from June 21, 2003, to July 2, 2003, but he was later arrested again. BK paid no child support from January 16, 2003, through June 15, 2004. On June 15, 2004, DSS/OCS filed a Petition for Termination of Parental Rights against JK and BK. An adjudication hearing involving the termination of parental rights was held on August 9, 2004. BK was incarcerated, unable to resume custody of the children and unable to say definitively when he would be released. After the submission of memoranda, the judge *1170 issued an oral ruling on August 19, 2004, terminating the rights of JK and BK and certifying the children for adoption. A ■written judgment with notice was issued on August 20, 2004.
BK timely filed this motion for appeal. JK did not file a motion for appeal.
LAW AND DISCUSSION
An appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong. State in the Interest of A.J.F. Applying for Private Adoption, 2000-0948 (La.6/30/00); 764 So.2d 47. The involuntary termination of parental rights is set forth in article 1015 of the Louisiana Children’s Code, which provides that the grounds set forth in the petition for termination must meet all of the conditions of any one of the enumerated paragraphs. State in the Interest of Latoya W., 97-0695 (La.App. 4 Cir. 2/4/98), 706 So.2d 688. The State is required to prove the grounds for termination by clear and convincing evidence. La. Ch.C. art. 1035(A). Although only one ground for termination need be established, the court must also find that Utermination is in the best interest of the child. La. Ch.C. art. 1039; State in the Interest of ML, 95-0045, p. 4 (La.9/05/95), 660 So.2d 830, 832.
BK asserts that the Orleans Parish Juvenile Court erred in granting the termination of his parental rights based on (1) abandonment of the children by non-support, and (2) his failure to complete a case plan and change his situation that caused the children to be placed in foster care.
Article 1015 of the Children’s Code provides in pertinent part:
The grounds for termination of parental rights are:
(4) Abandonment of the child by placing him in the physical custody of a non-parent or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:
(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child’s care and support for any period of six consecutive months.
(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent’s custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent’s condition or conduct in the near future, considering the child’s age and his need for a safe, stable, and permanent home.
BK admitted that he provided no support. His OCS case manager, Mona Lisa Payne (“Ms. Payne”), testified that from January 16, 2003, through June 15, 2004, BK failed to provide significant contributions to his children’s care and support. It is undisputed that BK has ■ not provided any financial support for his children for more than six consecutive months.
With regard to BK’s failure to comply with the court-approved case plan and rehabilitation, Ms. Payne testified that he was not substantially compliant. BK did |4not formally acknowledge his child. He did not visit weekly. He only visited two or three times in the eighteen months prior to the filing of the petition and he wrote to the children three or four times a month. His whereabouts were always known because he was incarcerated. He did not secure suitable housing or get or maintain employment. He did not complete a psychological evaluation and did not submit to. drug screening.
*1171 In addition, BK showed no reasonable expectation of significant improvement in the near future. There was no certainty as to if or when BK would be released from jail at the time of trial. There was evidence that he still had open, pending criminal charges. Moreover, there was no certainty that BK would be able to sustain his release from jail for any period of time long enough to provide a safe, stable, permanent home for his children.
BK argues that his inability to provide financial support to his children and to complete a case plan was due to his incarceration. BK’s responsibility to support his children, however, was not suspended upon his incarceration. This court has held that imprisonment may not be used as an excuse to escapé parental obligations. See State In the Interest of K.T., 2002-2009 (La.App. 4 Cir. 2/21/03); 841 So.2d 67.
The trial court was not manifestly erroneous or clearly wrong in finding that the State proved “an intention to permanently avoid parental responsibility” by clear and convincing evidence, and thus, termination of BK’s parental rights ’best served the interests of his three children.
Based on the foregoing, we affirm the trial court’s judgment terminating the parental rights of BK and certifying CMO, CMK, and CMK for adoption.
AFFIRMED.