DOWNING, J.
| gY.G.[1] appeals a judgment terminating her parental rights to five children and certifying the children to be free for adoption.. In her two page, handwritten appellant’s brief, she complains that she did not have a lawyer -to help her write her brief, that she did not receive a fair trial, that her lawyer “was never for me,” apparently that the lawyer and the Department of Social Services/Office of Community Services worker lied to her, and that no one will help her. For the following reasons, we remand for appointment of new counsel to assist Y.G., with instruction.
FACTS AND PROCEDURAL HISTORY
The State Department of Social Services/Office of Community Services (DSS) took Y.G.’s five children into custody on or about January 11, 2002. These children are D.A.G., L.D.G., J.O.G., C.D.G., and L.G.G., all born between August 1998 and October 2001. On January 17, 2002, the trial court signed an order appointing Ma-rylin Noble Arnold as attorney for Y.G.
*218 The children were adjudicated to be children in need of care on November 19, 2002, by stipulation, without admission to the allegations. On September 7, 2004, DSS filed a petition to terminate the parental rights of Y.G. and the various fathers of the children. The trial of this matter was held on January 18, 2005. At trial, Y.G. stipulated that grounds existed for the termination of her parental rights. After finding a factual basis for the stipulation, the trial court entered judgment terminating all of Y.G.’s parental rights and responsibilities.[2] Judgment was signed on May 11, 2005.
|aOn May 31, 2005, Ms. Arnold, Y.G.’s attorney, filed a notice of appeal on Y.G.’s behalf. On June 2, 2005, Ms. Arnold filed a motion to withdraw as counsel primarily on the basis that she would have a conflict of interest due to her participation in Y.G.’s stipulation to the termination of her parental rights, which stipulation would be the basis of the appeal. On the same day, the trial court signed the attached order with the following notation: “Denied — appeal pending.”
On July 5, 2005, Ms. Arnold filed a motion to allow Y.G. to proceed with her appeal informa pauperis. The trial court signed the order allowing Y.G. to proceed informa pauperis on July 7, 2005.
On September 12, 2005, this court signed an order allowing Ms. Arnold to withdraw as counsel of record. The bases of her motion to withdraw were: 1) an insurmountable conflict of interest in that Y.G. claims she did not understand the stipulation she entered while Ms. Arnold asserts that she thoroughly explained the stipulation to Y.G.; and 2) Y.G.’s dissatisfaction with Ms. Arnold’s representation and possible irreparable harm should Ms. Arnold not be allowed to withdraw.
DISCUSSION

Right to Counsel

Constitutional due process mandates the appointment of counsel to represent indigent parents in proceedings where the state seeks to terminate parental rights to a minor child. In re Johnson, 465 So.2d 134, 138 (La.App. 1 Cir.1985).[3] This right is codified in La. Ch.C. art. 1016. Accordingly, the trial court appointed Ms. Arnold as attorney to represent 14Y.G. This court allowed Ms. Arnold to withdraw without appointing substitute counsel for Y.G.
On appeal, counsel for an indigent entitled to appointed counsel must act as an active advocate in behalf of his client. See Anders v. State of Cal., 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The attorney’s role as advocate requires that he or she support the client’s appeal to the best of his or her ability. Id. It amounts to ineffectiveness where counsel files a motion for appeal but fails to pursue the appeal. State v. Bienemy, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986), citing State v. Simmons, 390 So.2d 504 (La.1980).
Y.G. has a right to suspensively appeal. La. Ch.C. art. 336B. She has manifested her desire to appeal by having her attorney file a notice of appeal and by filing a pro se appellate brief. The trial court has *219 twice determined her to be indigent. Therefore, we find merit in Y.G.’s argument that she has been deprived of the assistance of counsel.

Duties of Counsel

Accordingly, we direct the trial court to appoint new counsel by May 19, 2006, to assist Y.G. with the preparation of her appeal. In accordance with our order below, appointed counsel is to review the record and file a brief with this court assigning errors and making argument in accordance with the Louisiana Uniform Rules, Courts of Appeal, supporting Y.G.’s appeal to the best of his or her ability. See Anders, 368 U.S. at 744, 87 S.Ct. at 1400.
However, should counsel find no valid, good-faith (i.e., non-frivolous) grounds for appeal after conscientious examination of the record, counsel should so advise this court and request permission to withdraw. Id. The Supreme Court explained:
| sThat request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel’s brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel’s request to withdraw and dismiss the appeal ... or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

Id.

ORDER
We direct the trial court to appoint new counsel by May 19, 2006 to assist Y.G. with the preparation of her appeal. The clerk for the City Court of Hammond, Louisiana is to promptly supplement the appellate record with a copy of the order of appointment.
Pursuant to Anders and Louisiana jurisprudence governing appellate counsel for indigent defendants entitled to appointment of counsel, we order counsel to review the record and either file a brief by June 26, 2006 containing assignments of error and argument addressing the assigned errors in accordance with the Louisiana Uniform Rules, Courts of Appeal, or, should counsel find no valid basis for appeal, counsel shall comply with the requirements of State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), and State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990) by June 26, 2006.
APPOINTMENT OF NEW ATTORNEY ORDERED; ORDER
CARTER, C.J., and GAIDRY, J„ concur.

. We identify appellant by her initials because of the sensitive and confidential nature of this case and because of the indeterminate resolution herein.

. The parental rights of the fathers were terminated as well, but none of them appeal here.

. But see In re Rodrigue, 95-0009, pp. 2-5 (La.App. 1 Cir. 6/23/95), 657 So.2d 648, 650-51, where we held that in an intrafamily adoption proceeding, an indigent biological father was not entitled to appointed counsel where grandparents, and not the state, were seeking to terminate the indigent’s parental rights through adoption.