NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-1298

STATE IN THE INTEREST
OF JV & HV

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 22358
HONORABLE GUY ERNEST BRADBERRY, DISTRICT JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

Pickett, J., concurs in part, dissents in part, and assigns written reasons.

AFFIRMED.

Nicholas Pizzolatto, Jr.
Department of Social Service, OCS
4250 5th Avenue
Lake Charles, LA 70607
(337) 475-3037
Counsel for Appellee:
    State of Louisiana, Office of Community Services

**Mike K. Stratton**
**Assistant District Attorney**
**P. O. Box 3206**
**Lake Charles, La 70602**
**(337) 437-3400**
**Counsel for Appellees:**
    **J.V.**
    **H.V.**

**Douglas K. Hall**
**Attorney at Law**
**1011 Lakeshore Drive, Suite 316**
**Lake Charles, LA 70601**
**(337) 564-6722**
**Counsel for Appellant:**
    **M.N.V.**

**M.N.V.**
**In Proper Person**
**2465 Hwy 397, Lot 221**
**Lake Charles, LA 70615**
**(337) 570-9071**

**C.L.L.**
**In Proper Person**
**2465 Hwy 397, Lot 221**
**Lake Charles, LA 70615**
**(337) 309-9851**

**DECUIR, Judge.**

Mother C.L. and father M.V. appeal the trial court's judgment terminating their parental rights and certifying H.V. available for adoption.

## FACTS

On December 3, 2007, a son, H.V., was born to C.L. and M.V. At that time, C.L. and M.V. were working a family case plan instituted by the Louisiana Department of Social Services, Office of Community Services (OCS). That plan resulted when C.L. took H.V.'s older sister, J.V., to the hospital alleging that J.V. had been sexually abused by her father, M.V. At the time C.L. was under the influence of drugs, alcohol, or both. In addition, C.L. was not taking medication she had been prescribed for an anger disorder. C.L. was pregnant with H.V.

When H.V. was born, OCS established a safety plan for H.V. to remain in custody. On July 25, 2008, OCS took H.V. into custody after determining that the safety plan was inadequate because C.L was acting irrationally, the police had been called several times regarding C.L., and M.V. was working long hours. H.V. has remained in foster care since that time. OCS included H.V. in the family case plan instituted on behalf of J.V. On April 16, 2009, OCS filed a petition for certification for adoption and termination of parental rights.

The trial court found that C.L. failed to comply with the case plan by not seeking required psychiatric treatment, failing to take prescribed medication, failing to complete required anger management courses, and testing positive for cocaine.

The trial court found that M.V. failed to comply with the case plan by not completing required sexual offenders counseling and failing to distance himself from C.L. given her persistent drug abuse.

Given the parents' failure to complete the case plan in the two years H.V. has been in the State's custody, the trial court granted OCS's petition for certification for adoption and termination of parental rights on July 27, 2010. C.L. and M.V. filed a motion for appeal which was granted and the trial court appointed counsel to represent them on appeal. Counsel lodged this appeal.

## STANDARD OF REVIEW

A parent's right to the care, custody, and management of his or her children is a "fundamental liberty interest warranting great deference and vigilant protection under the law." *State ex rel. Q.P.*, 94-609, p. 4 (La.App. 3 Cir. 11/2/94), 649 So.2d 512, 515. The evidentiary standard governing termination cases requires the State to present proof by clear and convincing evidence of each element of the specific grounds for termination as specified in La.Ch.Code art. 1015 before a court may proceed with terminating a parental relationship. *State ex rel. D.H.*, 06-1041 (La.App. 3 Cir. 3/7/07), 953 So.2d 992, *writ denied*, 07-673 (La. 4/27/07), 955 So.2d 698. An appellate court must review the record for manifest error in determining whether the lower court properly applied the clear and convincing evidentiary standard. *State in the Interest of J.K.*, 97-336 (La.App. 3 Cir. 10/29/97), 702 So.2d 1154.

## DISCUSSION

Counsel for C.L. and M.V. filed a brief assigning no errors and including a motion to withdraw. Counsel's motion was referred to the merits. C.L. and M.V. have filed no pro se briefs in this court. In the interest of justice, we have thoroughly reviewed the record and are convinced that the evidence supports the findings of the trial court. Accordingly, counsel's motion to withdraw is moot.

2

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2–16.3.

**STATE IN THE INTEREST OF HV**

**PICKETT, J., concurs in part, dissents in part, and assigns written reasons.**

On appeal, counsel for an indigent entitled to appointed counsel must act as an active advocate in behalf of his client. *See Anders v. State of Cal.*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). The attorney's role as advocate requires that he or she support the client's appeal to the best of his or her ability. *Id.* It amounts to ineffectiveness where counsel files a motion for appeal but fails to pursue the appeal. *State v. Bienemy*, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986), *citing State v. Simmons*, 390 So.2d 504 (La.1980).

*State el rel. D.A.G.*, 05-1806, p.4 (La.App. 1 Cir. 5/5/06), 935 So.2d 216, 218.

I concur in the majority opinion to the extent that it affirms the termination of parental rights of the mother. I would reject, however, the *Anders* brief filed by counsel for the father, M.V., as I find there are non-frivolous issues which may support an appeal in this court. *See State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). For that reason, I respectfully dissent from the majority insofar as it affirms the termination of M.V.'s parental rights.