STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**13-616**


STATE IN THE INTEREST OF O.L.R.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 2512
HONORABLE STEPHEN BRUCE BEASLEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Phyllis M. Keaty, Judges.


**AFFIRMED.**

**Kimberly S. Smith**
**Department of Children and Family Services**
**1525 Fairfield Avenue – 8th Floor**
**Shreveport, LA 71101**
**Telephone: (318) 676-7347**
**COUNSEL FOR:**
      **Appellee - State of Louisiana, Department of Children and Family**
      **Services**

**Renee Paula Cote**
**720 Travis Street**
**Shreveport, LA 71101**
**Telephone: (214) 369-0024**
**COUNSEL FOR:**
      **Appellee - O.L.R.**

**D. Scott Kendrick**
**1762 Texas Street**
**Natchitoches, LA 71457**
**Telephone: (318) 354-9146**
**COUNSEL FOR:**
      **Appellant – Hubert Antoine, Jr.**

**Richard Woolbert**
**750 Southfield Road - Suite C**
**Shreveport, LA 71106**
**Telephone:  (318) 219-3921**
**COUNSEL FOR:**
**Appellee – Brenda Richardson**

**THIBODEAUX, Chief Judge.**

Hubert Antoine, Jr. appeals the trial court's termination of his parental rights of O.L.R. Mr. Antoine argues that his incarceration at the Calcasieu Parish Correctional Center prevents him from completing his case plan, and that the State should allow him more time to do so. For the following reasons, we affirm the judgment of the trial court.

## I.

## ISSUE

We must decide whether the trial court erred in terminating the parental rights of Mr. Antoine.

## II.

## FACTS AND PROCEDURAL HISTORY

On August 22, 2010, O.L.R. entered into the State's custody at birth after testing positive for cocaine and marijuana. At the time of O.L.R.'s birth, Brenda Richardson, O.L.R.'s mother, alleged that Mr. Antoine was the child's father.[1] She was unsure of his whereabouts, although O.L.R. was the second child born to Ms. Richardson and Mr. Antoine. Ultimately, at two months of age, O.L.R. was adjudicated as a child in need of care. She never returned to the care of her mother.

O.L.R. has never had contact with her father. At the time O.L.R. entered foster care, Ms. Richardson believed that Mr. Antoine was incarcerated for stabbing his brother, but she was uncertain. At no point did Mr. Antoine attempt to

---

[1]DNA testing has since confirmed that Mr. Antoine is the biological father of O.L.R.

formally or informally establish his parental rights to O.L.R. The Department of Child and Family Services (DCFS) located Mr. Antoine in the Calcasieu Parish Correctional Center where he remains today. Mr. Antoine is awaiting trial for attempted first degree murder, two counts of armed robbery, theft of a motor vehicle, aggravated assault with a firearm, aggravated burglary, and simple criminal damage to property. He has also been charged with second degree battery for an incident that occurred during his incarceration.

The State filed a petition to terminate the rights of Mr. Antoine and Ms. Richardson. At trial, Mr. Antoine testified that he takes medication for psychiatric issues, but he was recently found competent to stand trial. He denied any continuing issues with his mental health. He admitted that he has never had contact with O.L.R. or supported her in any way. He admitted that he was aware that the State formulated a case plan for him to become involved in O.L.R.'s life but that he had not undertaken any steps to follow the case plan. He testified that his incarceration prevented him from following the case plan, and he would be unable to follow the plan until he was released from prison.

O.L.R.'s foster mother also testified at trial. She stated that she has been caring for O.L.R. since the child was released from the hospital shortly after birth. O.L.R. calls her "mama," and the child is thriving in her care. She seeks to adopt O.L.R. and provide her a permanent home.

After hearing the testimony and receiving additional evidence, the trial court entered judgment terminating the parental rights of Mr. Antoine and Ms. Richardson. Mr. Antoine appeals.

### III.

### LAW AND DISCUSSION

**Standard of Review**

A trial court's findings on whether parental rights should be terminated are subject to the manifest error standard of review. *State ex rel. K.G.*, 02-2886 (La. 3/18/03), 841 So.2d 759. Moreover, whether a parent has complied with a case plan, the expected success of rehabilitation, and the expectation of significant improvement in the parent's condition or conduct are all questions of fact that may not be set aside in the absence of manifest error or unless clearly wrong. *State ex rel. S.C.M.*, 43,441 (La.App. 2 Cir. 6/4/08), 986 So.2d 875.

**Termination of Parental Rights**

Mr. Antoine argues that the trial court erred in terminating his parental rights under La.Ch.Code art. 1015(5) because DCFS did not prove its case by clear and convincing evidence. While parents have a constitutionally protected liberty interest in establishing and maintaining a meaningful relationship with their children, the State has a legitimate interest in limiting or terminating parental rights under certain conditions. *State in the Interest of A.C.*, 93-1125 (La. 1/27/94), 643 So.2d 719, *cert. denied*, 515 U.S. 1128, 115 S.Ct. 2291. To terminate parental rights, one of the grounds for termination set forth in La.Ch.Code art. 1015 must be established by clear and convincing evidence, and termination must be found to be in the child's best interest. *State ex rel. D.L.R.*, 08-1541 (La. 12/12/08), 998 So.2d 681.

The State sought termination based on the grounds set forth in La.Ch.Code art. 1015(5):

(5) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

Lack of parental compliance with a case plan may be evidenced by one of the following factors: (1) failure to attend court-approved scheduled visitations; (2) failure to communicate with the child; (3) failure to keep DCFS apprised of his whereabouts and significant changes affecting his ability to comply with the case plan; (4) failure to contribute to the costs of the child's foster care, if ordered by the court when approving the case plan; (5) failure to comply with the required program of treatment and rehabilitation services provided in the case plan; (6) lack of substantial improvement in redressing the problems preventing reunification; or (7) persistence of conditions that led to removal or similar potentially harmful conditions. La.Ch.Code art. 1036(C).

Moreover, lack of any reasonable expectation of significant improvement in the parent's conduct in the near future may be shown by a pattern of repeated incarceration that has rendered the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time. La.Ch.Code art. 1036(D)(2). It may also be shown by other conditions or conduct that reasonably indicate that the parent is unable or unwilling to provide an adequate permanent home for the child for an extended period of time, based on expert opinion or an established pattern of behavior. La.Ch.Code art. 1036(D)(3).

4

Our review of the record shows that DCFS proved the grounds for termination under La.Ch.Code art. 1015(5) by clear and convincing evidence. Mr. Antoine admitted that he has never had contact with O.L.R. nor has he provided any type of support. Moreover, Mr. Antoine's testimony, along with the evidence introduced into the record, establishes Mr. Antoine's lack of substantial compliance with his case plan and the lack of any reasonable expectation of significant improvement in his conduct. Mr. Antoine admits that he will be unable to even attempt his case plan until he is released from prison. Considering the multitude of charges he faces, coupled with his less than favorable behavior while incarcerated, we have serious doubts about Mr. Antoine's ability to complete his case plan.

Mr. Antoine blames his failure to complete his case plan on the fact that he has been incarcerated most of O.L.R.'s life. Imprisonment is not an excuse to escape parental obligations. *State ex rel. C.M.O.*, 04-1780 (La.App. 4 Cir. 4/13/05), 901 So.2d 1168. Incarceration is not a defense to failure to support or maintain contact with one's children in a termination of parental rights case, particularly because incarceration results from one's actions. *State ex rel. M.H. v. K.W.H.*, 40,332 (La.App. 2 Cir. 9/23/05), 912 So.2d 88. Mr. Antoine's conduct and actions led to his incarceration; thus, he cannot use his incarceration as an excuse for abandoning O.L.R. or failing to substantially comply with his case plan. He has not made an attempt to contact O.L.R. or to provide support to her in any way. Considering these failings, the State clearly and convincingly proved Mr. Antoine's lack of parental compliance with the case plan and that there is no reasonable expectation of significant improvement in his conduct in the near future. Given O.L.R.'s young age and her need for a safe, stable, and permanent

5

home, termination was in her best interest and appropriate under La.Ch.Code art. 1015(5).

IV.

## <u>CONCLUSION</u>

For the reasons articulated above, we affirm the judgment of the trial court. Costs of this appeal are assessed against Hubert Antoine.

**AFFIRMED.**