NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 16-35

## STATE OF LOUISIANA IN THE INTEREST OF I.G.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 13-J-516
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JOHN E. CONERY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

## AFFIRMED AND REQUEST TO WITHDRAW GRANTED.

**Shentell Brown**
**Public Defender's Office**
**203 West Main Street, Suite 105**
**New Iberia, Louisiana  70560**
**(337) 365-8493**
**COUNSEL FOR APPELLANT:**
    **D.S.**

**Honorable. M. Bofill Duhe**
**District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, Louisiana  70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Diane E. Cote**
**825 Kaliste Saloom Road**
**Brandywine III, Room 150**
**Lafayette, Louisiana  70508**
**(337) 262-5913**
**COUNSEL FOR  APPELLEE:**
    **State of Louisiana, Department of Children and Family Services**

**Kathy Lynn Cook**
**Mental Health Advocacy Service/Child Advocacy Program**
**302 Dulles Drive, Suite U-47**
**Lafayette, Louisiana  70506**
**(337) 262-2030**
**COUNSEL FOR  APPELLEE:**
    **I.G.**

**CONERY, Judge.**

Court appointed counsel for D.S., the mother of I.G.,[1] filed a brief indicating there are no non-frivolous issues that can be raised on the appeal of the trial court's judgment terminating the parental rights of D.S., and further seeking permission to withdraw as counsel of record. Counsel for D.S., counsel for the child, and the State request that we conduct a review of the record in accordance with *Anders v. State of Cal.*, 386 U.S. 738, 87 S.Ct. 1396 (1967), *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990).

### FACTS AND PROCEDURAL HISTORY

When I.G. was a year and a week old, she was taken into the custody of the State of Louisiana, Department of Children and Family Services (DCFS), on the bases of neglect and D.S.'s failure to protect and prevent I.G. from enduring sexual abuse by her biological father, A.G. A written instanter order was signed, followed thereafter by a petition on behalf of DCFS. Following an appropriate hearing, a judgment was entered finding that I.G. was a child in need of care.

On March 16, 2015, after approximately eighteen months, DCFS sought to terminate the parental rights of the mother, D.S., the legal father, S.S.,[2] and the biological father, A.G.,[3] making I.G. eligible for adoption.[4] The termination

---

[1]Pursuant to Uniform Rules—Courts of Appeal, Rules 5-1 and 5-2, the initials of the parties will be used to protect and maintain the privacy of the minor children involved in the proceeding.

[2]The September 8, 2015 judgment also terminated the parental rights of I.G.'s legal father, S.S. S.S. agreed to the termination on the record and has not filed an appeal.

[3]The parental rights of the biological father, A.G., were terminated in open court on April 29, 2015, and in a judgment signed on May 14, 2015, which is also not before this court on appeal.

proceedings began on April 29, 2015, but were recessed until August 27, 2015. The trial court issued its ruling on September 3, 2015, terminating D.S.'s parental rights to I.G. The trial court signed a judgment to that effect on September 8, 2015, which is the subject of this timely appeal by D.S.

## LAW AND DISCUSSION

### Standard of Review

The standard of review applicable to a termination of parental rights proceeding is well-settled and was expressed in *State in the Interest of J.K.G. and J.L.G*, 11-908, p. 5 (La.App. 3 Cir. 1/11/12), 118 So.3d 10, 14, which stated, "A trial court's findings on whether or not parental rights should be terminated are subject to the manifest error standard of review." In *State in the Interest of O.L.R.*, 13-616, p. 3 (La.App. 3 Cir. 11/6/13), 125 So. 3d 569, 571, the court stated, "Moreover, whether a parent has complied with a case plan, the expected success of rehabilitation, and the expectation of significant improvement in the parent's condition or conduct are all questions of fact that may not be set aside in the absence of manifest error or unless clearly wrong." *See* La.Ch.Code art. 1015(5).

### Burden of Proof

"The petitioner bears the burden of establishing each element of a ground for termination of parental rights by clear and convincing evidence." La.Ch.Code art. 1035(A). Here, the trial court ruled in favor of the DCFS, finding clear and convincing evidence to support the termination of D.S.'s parental rights under the provisions of both La.Ch.Code art. 1015(4) (abandonment) and 1015(5) (non-

---

[4]I.G. is in the care of her paternal grandparents in Arkansas where she is secure and receiving therapy.

3

compliance).  *See State ex rel. S.M.W*, 00-3277 (La. 2/21/01), 781 So.2d 1223.  We agree.

*Anders Analysis*

A panel of this court in *State in Interest of K.R.*, 11-1376, p. 2 (La.App. 3 Cir. 3/7/12), 85 So.3d 830, 831, determined that the application of an *Anders* analysis to a termination of parental rights proceeding was appropriate and stated:

> We are persuaded by the arguments of counsel and the court in *State ex rel. D.A.G.*, [05-1806 (La.App. 1 Cir. 5/5/06), 935 So.2d 216], that the filing of a brief and motion to withdraw in conformity with the requirements of *Anders* and its progeny best protect the interests of the parents, children, State, and the court in cases involving the termination of parental rights.

Counsel has provided D.S. with a copy of the brief on appeal and the motion to withdraw as her counsel.  D.S. has not filed a pro se brief in this court.  After a thorough review of the record, we are convinced that the testimony and evidence submitted into the record at trial clearly supports the findings of the trial court terminating the parental rights of D.S. and certifying I.G. eligible for adoption.

**DECREE**

For the foregoing reasons, the judgment of the trial court is affirmed.  The request by counsel for D.S. to withdraw is granted.

**AFFIRMED AND REQUEST TO WITHDRAW GRANTED.**

This opinion is **NOT DESIGNATED FOR PUBLICATION.**  Uniform Rules–Courts of Appeal, Rule 2–16.3.

4