# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 17-128

## STATE IN THE INTEREST M.H., I.T.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-THIRD JUDICIAL DISTRICT COURT
PARISH OF ALLEN, NO. J-2012-032
HONORABLE JOEL G. DAVIS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, John E. Conery, and David E. Chatelain*, Judges.

**MOTION TO WITHDRAW GRANTED; AFFIRMED.**

---

* Honorable David E. Chatelain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**John E. Demoruelle**
**Attorney at Law**
**P. O. Box 839**
**Oberlin, LA 70655**
**(337) 639-2641**
**COUNSEL FOR APPELLEE:**
**M. H. (mother)**

**Nicholas Pizzolatto, Jr.**
**Department of Children & Family Services**
**1919 Kirkman Streetad**
**Lake Charles, LA 70601**
**(337) 475-3037**
**COUNSEL FOR APPELLEE:**
**State of Louisiana, Department of Children & Fam. Services**

**Thomas L. Lorenzi**
**Southwest Louisiana Bar Foundation**
**518 Pujo Street**
**Lake Charles, LA 70602**
**(337) 436-8401**
**COUNSEL FOR APPELLEES:**
**M. H. (child)**
**I. T. (child)**

**Chad B. Guidry**
**Attorney at Law**
**P. O. Box 447**
**Kinder, LA 70648**
**(337) 738-2280**
**COUNSEL FOR APPELLANT:**
**I. H. (father)**

**I. H. (father)**
**Elayn Hunt Correctional Center**
**P. O. Box 174**
**St. Gabriel, LA 70776**
**(225) 642-3306**
**IN PROPER PERSON**

**GREMILLION, Judge.**

I.H. (hereafter, "Father," to avoid confusion), the father of four children, appeals the trial court's judgment terminating his parental rights and certifying his children free for adoption. Father's attorney has filed a brief requesting that he be permitted to withdraw from representing Father pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), asserting that there are no non-frivolous issues for appeal. For the reasons that follow, we grant counsel's motion to withdraw and affirm the trial court's judgment.

## FACTS

Father and M.H. (hereafter, "Mother," to avoid confusion) are the parents of four children: I.H., age seven (I.H. the elder); M.H. (M.H. the elder), age five; I.H., age four (I.H. the younger); and M.H., age two (M.H. the younger).[1] All four children have either been diagnosed with or show signs of developmental delays. I.H. the elder and M.H. the elder first came into the State's custody in May 2012, and were adjudicated children in need of care on June 14, 2012. I.H. the younger came into the State's custody within five weeks of his birth and was adjudicated in need of care on July 3, 2013, when he was yet only three months old. Custody of the three children was returned to Mother and Father on July 24, 2014, after they had completed the requirements of their case plan, but the Department of Children & Family Service (the Department) maintained supervision thereafter for six months, which was extended an additional six months. M.H. the younger was born on March 18, 2015. On August 3, 2015, however, the court again ordered all four children into the State's custody.

---

[1] This matter is the companion to *State in the Interest of I.H., M.H., I.H., M.H.*, 17-129 (La.App. 3 Cir. ___/___/17), ___ So.3d ___. In that matter, the older child referred to herein as "I.T." is identified as "I.H. the elder."

On March 16, 2016, the State filed a petition to terminate the parental rights of Father and Mother. It alleged that neither parent has made significant strides toward completing their case plan requirements, except to the extent that Mother has regularly visited the children. Father is unable to even do that, as he is currently incarcerated on drug charges and is not eligible for release until July 28, 2019.

The matter was heard on December 1, 2016. The vast majority of the testimony centered on Mother's progress—or, more specifically, her lack thereof—in completing her case plan. The parties stipulated to the admission of the report of Dr. Alfred Buxton, Ph.D., a psychologist who evaluated Mother at the request of the Department. Dr. Buxton opined that, because of mental disability, Mother is not competent to manage her own affairs and must rely upon others to assure her own welfare and to deal with the complexities of daily living. She can be relied upon only as a secondary caregiver to her children. He would only recommend the return of the children to Mother if the Department could ensure that there was a competent primary caregiver.

Ms. Melinda Marcantel, Child Welfare Specialist II with the Department, testified that she had acted as the case manager for the children since November 2013. The only component of her case plan Mother completed was regularly visiting the children. Father's incarceration prevents him from completing any component of his case plan. Ms. Marcantel testified that both Mother and Father had proposed family members who could serve as suitable caregivers, but the Department investigated and deemed only one of them, Father's sister, suitable. She declined to assume those responsibilities.

Mother and Father both testified. Mother testified about an aunt and uncle who indicated that they would be willing to accept responsibility for the children. Father testified that he feels his release is more imminent than the Department is projecting. He has calculated that he would be eligible for release in fourteen months from the time of the December 2016 hearing. He also testified that he is taking parenting classes in prison, and that the terms of his case plan are identical to those he had already completed before the children were returned to his custody in July 2014.

After testimony concluded, the trial court found that the Department had proven by clear and convincing evidence sufficient proof of parental misconduct to terminate their parental rights under La.Ch.Code arts. 1036, 1015(4)(b), 1015(4)(c), and 1015(5). Father now appeals the judgment terminating his parental rights and declaring the children eligible for adoption.

## ASSIGNMENTS OF ERROR

In his pro se brief, Father asserts that the trial court abused its discretion in terminating his parental rights without expectation of reunification or reformation; that the termination of his parental rights deprived him of the constitutional right to care for his children; that the trial court gave no consideration of guardianship or tutorship as an alternative to adoption; and that he received ineffective assistance of counsel.

## ANALYSIS

In *State v. Benjamin*, 573 So.2d 528, 531 (La.App. 4 Cir. 1990), the fourth circuit analyzed *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967):

> When appointed counsel has filed a brief indicating that no non-frivolous issues and no ruling arguably supporting an appeal were found after a conscientious review of the record, *Anders* requires that

3

counsel move to withdraw. This motion will not be acted on until this court performs a thorough independent review of the record after providing the appellant an opportunity to file a brief in his or her own behalf.

It is not necessary for Defendant's counsel to "catalog tediously every meritless objection made at trial or by way of pre-trial motions with a labored explanation of why the objections all lack merit," but counsel's *Anders* brief must "'assure the court that the indigent defendant's constitutional rights have not been violated.'" *State v. Jyles*, 96-2669, p. 2 (La. 12/12/97), 704 So.2d 241, 241 (quoting *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 108 S.Ct. 1895, 1903 (1988)). The brief must fully discuss and analyze the trial record and consider "whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration." *Jyles*, 704 So.2d at 241. Thus, the *Anders* brief must review the procedural history and the evidence presented at trial and provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *State v. Mouton*, 95-981, p. 2 (La. 4/28/95), 653 So.2d 1176, 1177.

In this case, Father's counsel provided a thorough history of the matter. He stated succinctly, "Considering the length of time the children spent in State's custody, [Father's] incarceration and [Mother's] inability to work a case plan in [Father's] absence, counsel feels that this appeal is frivolous." As we shall discuss below, we agree. Counsel's motion to withdraw is granted.

As Father correctly notes, parents are guaranteed Fourteenth Amendment Equal Protection and Due Process protections against "the State's unwarranted usurpation, disregard, or disrespect" of their decisions about the rearing of their

4

children. *M.L.B. v. S.L.J.*, 519 U.S. 102, 116, 117 S.Ct. 555, 564 (1996). Those protections, though, are not absolute; the operative wording in the *M.L.B.* pronouncement is "unwarranted."

The grounds for terminating a parent's rights—in other words, when the usurpation, disregard, or disrespect of a parent's decisions regarding childrearing are warranted—are expressed in La.Ch.Code art. 1015. These grounds must be proven by clear and convincing evidence. La.Ch.Code art. 1035; *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388 (1982). The means of proving parental misconduct under La.Ch.Code art. 1015 is governed by La.Ch.Code art. 1036. The paramount consideration in determining whether to terminate a parent's rights is whether that would be in the best interest of the child. *In re Bordelon*, 95-1194 (La.App. 3 Cir. 3/6/96), 670 So.2d 676.

Whether a parent has complied with a case plan, the expected success of rehabilitation, and the expectation of significant improvement in the parents' condition or conduct are all findings of fact. *State in the Interest of O.L.R.*, 13-616 (La.App. 3 Cir. 11/6/13), 125 So.3d 569. These findings of fact are all reviewed under the manifest error standard. *Id.* The decision to terminate parental rights is also reviewed under the manifest error standard. *State in the Interest of J.K.G. and J.L.G.*, 11-908 (La.App. 3 Cir. 1/11/12), 118 So.3d 10.

Louisiana Children's Code Article 1015 includes as a ground for terminating a parent's rights the incarceration of a parent for period

> of such duration that the parent will not be able to care for the child for an extended period of time, considering the child's age and his need for a safe, stable, and permanent home, and despite notice by the department, the parent has refused or failed to provide a reasonable plan for the appropriate care of the child other than foster care.

In the present matter, Father did propose a reasonable plan for the care of his four children; unfortunately, his sister refused to assume responsibility for them. Mother's family members were deemed inappropriate for the care of four developmentally-delayed children, all under the age of eight. Even were we to accept Father's contention that he *can be* eligible for release in February or March of 2018, we cannot conclude that the trial court manifestly erred in finding that it would be in the best interests of the children to be cleared for adoption. Children need stability now, not *possibly* eleven months from now. This assignment of error lacks merit.

Father argues that his consent is required for adoption under La.Ch.Code art. 1193. This argument ignores the plain language of the article, which conditions the consent requirement upon the father's rights not having been terminated pursuant to Title X or XI of the Children's Code, of which La.Ch.Code art. 1015 is a part. Because Father's parental rights were terminated, his consent for the adoption of the children is not required. This assignment of error lacks merit.

Father further contends that the trial court erred in not considering guardianship for the children as an alternative to adoption. Louisiana Children's Code Article 718 provides (emphasis added):

> The purpose of guardianship is to provide a permanent placement for children *when neither reunification with a parent nor adoption has been found to be in their best interest*; to encourage stability and permanence in the lives of children who have been adjudicated to be in need of care and have been removed from the custody of their parent; and to increase the opportunities for the prompt permanent placement of children, especially with relatives, without ongoing supervision by the department.

The plain wording of article 718 indicates that establishing guardianship is intended to provide a permanent placement when reunification or adoption is not in

the children's best interests. Guardianship does not represent an alternative to adoption; rather, it is a means for providing a permanent placement when adoption would not be in the children's best interests. This assignment of error lacks merit.

Lastly, we turn to Father's contention that he received ineffective assistance of counsel in the hearing. Louisiana Children's Code Article 1016 guarantees the rights of parents and children in termination proceedings to be represented by separate counsel and to appointed counsel under the Indigent Parents' Representation Program. To date, no Louisiana jurisprudence has addressed whether a claim of ineffective assistance of counsel constitutes grounds for reversal of the termination of a parent's rights. Given the fundamental nature of parental rights, we find that the guarantee of the right to counsel necessarily implies that such representation must be effective.

An analysis of the case law of other States indicates that the parent bears the burden of proving that his representation was not effective. Further, the parent must prove that: 1) counsel acted in a manner below an objective standard of conduct expected of a reasonably competent attorney, and 2) that the outcome was reasonably probable to have been different but for counsel's failure. *See, e.g., In re N.M.*, 161 Cal.App.4[th] 253, 74 Cal.Rptr.3d 138 (2d Dist. 2008); *In re M.S.S.*, 308 Ga.App. 614, 708 S.E.2d 570 (2011). We need not reach the issue of whether counsel's performance was deficient if we determine that Father has not demonstrated that the outcome was reasonably probable to have been different.

We are not persuaded by Father's argument. His claim of ineffective assistance is predicated entirely upon counsel's failure to urge the establishment of a guardianship for the children. As we have already noted, though, guardianship is not intended as an alternative to adoption. Father's counsel urged the trial court to

consider that Father would be eligible for early release for good behavior. Counsel rendered reasonable representation of his client given the facts at his disposal. This assignment of error lacks merit.

## CONCLUSION AND DECREE

Counsel's motion to withdraw from representing Father is granted. Father's contention that the termination of his parental rights were unconstitutionally infringed lack merit. Given the children's young ages, their developmental delays, and their need for stable and permanent homes, we cannot conclude that the trial court manifestly erred in terminating Father's parental rights. Father's incarceration might possibly be over in a year, but might also well exceed a year. In the meantime, his four children need stability and permanency. The trial court did not manifestly err in terminating Father's parental rights. All costs of this appeal are taxed as costs to Father, I.H.

**MOTION TO WITHDRAW AS COUNSEL GRANTED; AFFIRMED.**