NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-345

STATE IN THE INTEREST OF
L.S.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 17-JV-18865
HONORABLE LEWIS H. PITMAN, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

CANDYCE G. PERRET
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Candyce G. Perret, Judges.

AFFIRMED; MOTION TO WITHDRAW GRANTED.

**S. Marie Johnson**
**110 French Street, Suite A**
**New Iberia, LA   70560**
**(337) 849-2556**
**COUNSEL FOR OTHER APPELLANT:**
     **H.G. (Mother)**

**Barry L. LaCour**
**Mental Health Advocates Service**
**302 Dulles Drive, Suite U-47**
**Lafayette, LA   70508**
**(337) 262-2030**
**COUNSEL FOR OTHER APPELLEE:**
     **L.S. (child)**

**Shentell Brown**
**203 Main Street, Suite 105**
**New Iberia, LA   70560**
**(337) 335-8493**
**COUNSEL FOR OTHER APPELLEE:**
     **State of Louisiana**

**Hazel Coleman**
**112 West Bellevue Street**
**Opelousas, LA   70570**
**(337) 948-4856**
**COUNSEL FOR OTHER APPELLEE:**
     **M.S. (father)**

**Chantel Conrad**
**825 Kaliste Saloom Road, Suite 150**
**Brandywine Building 3, Suite 150**
**Lafayette, LA   70508**
**(337) 262-2250**
**COUNSEL FOR OTHER APPELLEE:**
     **State of Louisiana,**
     **Department of Children and Family Services**

**PERRET, Judge.**

The appellant, H.G., appeals a judgment terminating her parental rights to the minor child, L.S., as well as the trial court's certification of L.S. for adoption.[1] The father, M.S., stipulated to the termination of his parental rights prior to trial. Following a three-day trial, the trial court found that H.G. had not complied with her case plans by failing to complete substance abuse treatment, failing to obtain and maintain stable housing, failing to address her mental health issues, and that there was no reasonable expectation of significant improvement in her conduct in the near future.

Court-appointed counsel for H.G. filed a brief indicating there are no non-frivolous issues that can be raised on appeal and requested that this court conduct a review of the record in accordance with *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967), *State v. Jyles*, 96-2669 (La.12/12/97), 704 So.2d 241 (per curiam), and *State v. Benjamin*, 573 So.2d 528 (La.App. 4 Cir. 1990). Counsel for H.G. further requests permission to withdraw as counsel of record pursuant to *Anders*. For the following reasons, we affirm the trial court's judgment terminating the parental rights of H.G. to L.S. Additionally, counsel's motion to withdraw as counsel of record is granted.

**FACTS AND PROCEDURAL HISTORY:**

On August 29, 2017, by an Instanter Order, L.S. entered the custody of the Department of Children and Family Services ("DCFS"). Specifically, the order provided, in pertinent part (underlining omitted):

> The minor child is a victim of Neglect/Lack of Adequate Supervision/Dependency. [H.G.] is the mother of [L.S.] who is 7 years old, whom [sic] demonstrates minimum ability to provide adequate care and supervision to the child. Mr. [T.G.] is [H.G's] live

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5-1 and 5-2, the initials of the parties will be used to protect and maintain the privacy of the minor child involved in the proceeding.

in boyfriend and [H.G.] is also dating Mr. [C.L.] simultaneously. Due to consistent stories of substance abuse usage between caretakers per the allegations and collaterals, it is determined to be a dangerous situation which places [L.S.] in danger of serious harm. In 2014 [L.S.] was previously in Foster Care due to being lost in the woods with his mother for 27 hours, because she was under the influence of illegal substances, and could not find her way out of the woods. Due to [H.G.'s] past history with the agency in regards to illegal substances interfering with her ability to care and protect [L.S.] causes more concerns of the child being in life and death harm[s] way[] again. The constant illegal substance abuse usage by the caretaker and those she leaves [L.S.] with is placing him in danger; while also leaving him two to three days at a time without making arrangements with suitable caretaker's [sic] places the minor child in danger/harm and it [is] deemed necessary that [L.S.] is placed in the custody of the State of Louisiana[.]

On September 5, 2017, a continued custody hearing was held, at which time the court ordered that L.S. remain in the custody of the State. Thereafter, on September 7, 2017, a Petition for Child in Need of Care was filed by the State. Following a hearing on November 21, 2017, L.S. was adjudicated as a child in need of care and remained in the custody of the State.

On January 7, 2019, the State filed a Petition for Termination of Parental Rights and Certification for Adoption. On February 7, 2019, H.G. entered a denial to the allegations in the termination petition.

After a trial in August of 2019, the trial court ruled in favor of the DCFS upon finding that the termination of parental rights is in the best interest of L.S. because "[H.G.] has not completed her case plan with regards to substance abuse treatment, housing and mental health." On September 10, 2019, the trial court signed a written Judgment of Termination of Parental Rights and Certification for Adoption that stated, in pertinent part:

> [T]he State of Louisiana, [DCFS] has proved by clear and convincing evidence under Louisiana Children's Code Articles 1015(6), in regards to the mother, [H.G.] that, said parent has failed to substantially comply with her case plans for failing to complete substance abuse treatment, failing to obtain and maintain stable housing, failing to address her mental health issues, and lack of

2

substantial improvement in redressing the problems preventing reunification; that there is no reasonable expectation of significant improvement in said parents' condition or conduct in the near future; and, that the termination of parental rights is in the best interest of the minor child [L.S.]

On appeal, counsel for H.G. alleges the following sole assignment of error:

The decision of the trial court terminating the parental rights of [H.G.] and the certification for adoption of the minor child in State of Louisiana in the Interest of L.S., . . . should be reviewed for its correctness under the same procedure used in criminal cases, commonly referred to as an *Anders, Benjamin* or *Jyles* brief.

## STANDARD OF REVIEW:

"A trial court's findings on whether or not parental rights should be terminated are subject to the manifest error standard of review." *State in Interest of J.K.G.*, 11-908, p. 5 (La.App. 3 Cir. 1/11/12), 118 So.3d 10, 14. "Moreover, whether a parent has complied with a case plan, the expected success of rehabilitation, and the expectation of significant improvement in the parent's condition or conduct are all questions of fact that may not be set aside in the absence of manifest error or unless clearly wrong." *State in the Interest of O.L.R.*, 13-616, p. 3 (La.App. 3 Cir. 11/6/13), 125 So.3d 569, 571.

## DISCUSSION:

In *State ex rel. D.H.L.*, 08-39, pp. 4-5 (La.App. 3 Cir. 4/30/08), 981 So.2d 906, 910 (footnotes omitted), this court discussed the State's burden of proof in termination of parental rights proceedings as follows:

Our supreme court has recognized that the gravity of terminating parental rights requires our courts to impose a stricter standard of proof than the preponderance of the evidence standard; rather, the State must prove by clear and convincing evidence at least one of the statutory grounds contained in La.Ch.Code art. 1015 in order to terminate a parent's rights. See *State ex rel. J.M.*, 02-2089 (La. 1/28/03), 837 So.2d 1247; La.Ch.Code art. 1035(A). "Further, even upon finding that the State has met its evidentiary burden, a court still should not terminate parental rights unless it determines that to do so is in the child's best interests." *State ex. rel. J.M.*, 837 So.2d at 1253; *see also* La.Ch.Code art. 1037(B).

3

Louisiana Children's Code Article 1015 sets forth the following pertinent grounds for termination of parental rights:

(5) Abandonment of the child by placing him in the physical custody of a nonparent, or the department, or by otherwise leaving him under circumstances demonstrating an intention to permanently avoid parental responsibility by any of the following:

. . . .

(b) As of the time the petition is filed, the parent has failed to provide significant contributions to the child's care and support for any period of six consecutive months.

. . . .

(6) Unless sooner permitted by the court, at least one year has elapsed since a child was removed from the parent's custody pursuant to a court order; there has been no substantial parental compliance with a case plan for services which has been previously filed by the department and approved by the court as necessary for the safe return of the child; and despite earlier intervention, there is no reasonable expectation of significant improvement in the parent's condition or conduct in the near future, considering the child's age and his need for a safe, stable, and permanent home.

Louisiana Children's Code Article 1036 sets forth the necessary proof of parental misconduct and provides, in pertinent part:

C. Under Article 1015(6), lack of parental compliance with a case plan may be evidenced by one or more of the following:

. . . .

(3) The parent's failure to keep the department apprised of the parent's whereabouts and significant changes affecting the parent's ability to comply with the case plan for services.

(4) The parent's failure to contribute to the costs of the child's foster care, if ordered to do so by the court when approving the case plan.

(5) The parent's repeated failure to comply with the required program of treatment and rehabilitation services provided in the case plan.

(6) The parent's lack of substantial improvement in redressing the problems preventing reunification.

(7) The persistence of conditions that led to removal or similar potentially harmful conditions.

4

(8)(a) The parent's failure to provide a negative test result for all synthetic or other controlled dangerous substances, except for any drug for which the parent has lawfully received a prescription, at the completion of a reasonable case plan.

. . . .

D. Under Article 1015(6), lack of any reasonable expectation of significant improvement in the parent's conduct in the near future may be evidenced by one or more of the following:

(1) Any physical or mental illness, mental deficiency, substance abuse, or chemical dependency that renders the parent unable or incapable of exercising parental responsibilities without exposing the child to a substantial risk of serious harm, based upon expert opinion or based upon an established pattern of behavior.

(2) A pattern of repeated incarceration of the parent that has rendered the parent unable to care for the immediate and continuing physical or emotional needs of the child for extended periods of time.

(3) Any other condition or conduct that reasonably indicates that the parent is unable or unwilling to provide an adequate permanent home for the child, based upon expert opinion or based upon an established pattern of behavior.

Here, the trial court ruled in favor of the DCFS, finding clear and convincing evidence to support the termination of H.G.'s parental rights under La.Ch.Code art. 1015(6). We agree. The testimony and evidence support the trial court's finding that H.G. has failed to substantially comply with her case plans since she continues to have substance abuse issues and has yet to obtain stable housing for L.S.

This court in *State in Interest of K.R.*, 11-1376, p. 2 (La.App. 3 Cir. 3/7/12), 85 So.3d 830, 831, determined that the application of an *Anders* analysis to a termination of parental rights proceeding was appropriate and stated:

We are persuaded by the arguments of counsel and the court in *State ex rel. D.A.G.,*[05-1806 (La.App. 1 Cir. 5/5/06), 935 So.2d 216], that the filing of a brief and motion to withdraw in conformity with the requirements of *Anders* and its progeny best protect the interests of the parents, children, State, and the court in cases involving the termination of parental rights.

Upon reviewing the trial court's decision for correctness under an *Anders* analysis, we find that the testimony and evidence submitted into the record at trial clearly supports the findings of the trial court terminating the parental rights of H.G. and certifying L.S. eligible for adoption. Our independent review reveals no non-frivolous issues and no ruling that arguably support an appeal. As such, we hereby grant appellate counsel's motion to withdraw.

**DECREE:**

For the foregoing reasons, the judgment of the trial court is affirmed. The request by counsel for H.G. to withdraw is granted.

**AFFIRMED; MOTION TO WITHDRAW GRANTED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3